**Everett Don ARLINE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–83–199 CR.**

Court of Appeals of Texas, Beaumont.

Dec. 5, 1984.

Rehearing Denied Dec. 17, 1984.

Ronald Plessala, Nederland, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of voluntary manslaughter and was assessed punishment at twenty years in the Texas Department of Corrections. Appeal has been perfected to this Court. Appellant's ground of error number one follows:

> "The trial court committed reversible error in failing, after timely objection, to include in its charge at the guilt or innocence stage, a definition of reasonable belief."

TEX.PENAL CODE ANN. sec. 1.07(a)(31) (Vernon 1974) provides:

> " 'Reasonable belief' means a belief that would be held by an ordinary and prudent man in the same circumstances as the actor."

Apparently there is no authority governing this contention. The State argues that the failure of the court to include this definition in his charge did not injure the rights of the defendant. This is not an easy thing for us to decide, but since the Legislature chose to define the term, presumably it wished a jury to be apprised of what they (the Legislature) meant by the term. For, after all, it is primarily a jury which is concerned with its application to the facts of a given case. For this reason we sustain this ground of error, reverse and remand the case for a new trial.

Reversed and remanded.